UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DERRICK B. SELLS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 2:21-CV-067-DCLC-CRW |
| STATE OF TENNESSEE, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Now before the Court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner, a prisoner of the Tennessee Department of Correction, seeks to challenge his March 4, 2020 conviction for first-degree murder in Washington County, Tennessee [Doc. 1]. Respondent has filed a response in opposition to this petition asserting that Petitioner's claims are subject to dismissal due to Petitioner's procedural default of his claims [Doc. 7] and the state court record [Doc. 6]. Petitioner has not filed a reply, and his time for doing so has passed [Doc. 5 p. 1]. After reviewing the relevant filings and the state court record, the Court finds that Petitioner is not entitled to habeas corpus relief under § 2254 because he procedurally defaulted his claims. Accordingly, no evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), the habeas corpus petition will be **DENIED**, and this action will be **DISMISSED**.

I.  BACKGROUND

On March 4, 2020, Petitioner pled guilty to one count of first-degree murder and the state court sentenced him to life without parole [Doc. 1 p. 1; Doc. 6-1 p. 5, 7, 9–10, 20]. Petitioner did not appeal or otherwise challenge this conviction [Doc. 1 p. 2–6; Doc. 6-1].

## II. ANALYSIS

As Petitioner procedurally defaulted his claims for habeas corpus relief under § 2254 and has not presented adequate grounds for the Court to excuse that default, the Court will not reach the merits of his claims and will dismiss this action. Before a federal court may grant habeas relief to a state prisoner, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Where a petitioner fails to present a claim to the state courts and no longer can do so under state law, the claim is technically exhausted but procedurally defaulted. *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted"). On federal habeas review, the district court may review a procedurally defaulted claim only where the prisoner shows cause for the default and actual resulting prejudice, or that failure to address the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991); *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977).

A petitioner may establish "cause" by showing some objective external factor prevented him from complying with state procedural rules, or that trial counsel rendered ineffective assistance. *Coleman*, 501 U.S. at 753–54. And the prejudice required to overcome a default must have "worked to [Petitioner's] *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Also, a fundamental miscarriage of justice occurs "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Thus, such a claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this context, actual innocence

"means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The state criminal court entered its judgment against Petitioner for first-degree murder on March 4, 2020 [Doc. 1 p. 1; Doc. 6-1 p. 5, 7, 9–10, 20]. This judgment became final thirty days later, on Monday, April 6, 2020, when Petitioner did not appeal it.[1] *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired).

Under Tennessee law, Petitioner had the right to move to withdraw his guilty plea before the judgment against him became final, and he could appeal any denial of that motion to the Tennessee Court of Criminal Appeals. Tenn. R. Crim. P. 32(f); *State v. Jackson*, No. M2018-01971-CCA-R3-CD, 2020 WL 405474 (Tenn. Crim. App. Jan. 24, 2020) (reversing a denial of a motion to withdraw a guilty plea). Additionally, Petitioner had one year from the date on which his conviction became final to file a petition for post-conviction relief challenging his conviction. Tenn. Code Ann. § 40-30-102(a) (one-year limitation period).

However, Petitioner did not file a motion to withdraw his guilty plea or a petition for post-conviction relief from his underlying conviction. Instead, on March 10, 2021, less than one year after that conviction became final, Petitioner filed his petition for habeas corpus relief under § 2254 in this action [Doc. 1 p. 15]. Thus, while Petitioner still could have timely filed a petition

---

[1] Under Rule 45 of the Tennessee Rules of Criminal Procedure, the day of the event "after which the designated time period begins to run" is excluded from the computation of that period of time. Thus, Petitioner had thirty days from March 5, 2020, to file a notice of appeal of his conviction. However, as thirty days from March 5, 2020 was Saturday, April 4, 2020, Petitioner had until Monday, April 6, 2020, to file his appeal. Tenn. R. Crim. P. 45(a)(2) (providing that the last day of the period is included unless it is a Saturday or Sunday (or other specified days)).

for post-conviction relief with the state court at the time that he filed his § 2254 petition in this case, he no longer can do so, and the claims in the § 2254 petition now are technically exhausted but procedurally defaulted.

To explain his failure to pursue an appeal or other challenge to his conviction, Petitioner states in his petition for § 2254 relief that he did not have access to a law clerk or the law library "until recently," that he did not have the money to hire an attorney, that because he pled guilty he had "no option for a regular appeal" and/or "[did not] realize that [he] could appeal," and that he thought any appeal would be futile while Assistant District Attorney McArdle[2] was in office [Doc. 1 at 5, 6, 7, 9, 10, 12, 13–14]. Petitioner further clarifies that now that Assistant District Attorney McArdle has been indicted, he felt action would be taken [*Id.* at 7, 9, 12].

But Petitioner does not establish that any factor external to his defense prevented him from timely filing a motion to withdraw his guilty plea or other challenge to his conviction. Rather, Petitioner indicates that he was unaware that he could do so and/or thought that doing so would be futile, which are not grounds to excuse procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding that ignorance of the law is insufficient to establish cause to excuse procedural default) (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (providing that "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him").

Moreover, while Petitioner indicates in his § 2254 petition that he did not have access to legal assistance or the law library "until recently" to excuse his failure to file a direct appeal or

---

[2] Petitioner refers to "District Attorney Erin McCarolle" and/or "McCarrolle" in his petition [Doc. 1 p. 7, 12]. But it appears that he is referring to Erin McArdle. https://www.johnsoncitypress.com/news/crime/former-prosecutor-mcardle-indicted-on-federal-extortion-conspiracy-charges/article_45508ec8-e863-5010-bbd8-ad0707cec8c0.html (last visited December 6, 2021).

4

other challenge to his conviction, he filed his § 2254 petition on March 10, 2021, at which point he still could have timely filed a petition for post-conviction relief from that conviction in the state court.³ And if he had done so and appealed of any denial of that petition to the Tennessee Court of Criminal Appeals, he would have exhausted his state court remedies for the claims in that petition such that this Court could review them. Tenn. S. Ct. R. 39. In other words, it is apparent from the fact that Petitioner filed his § 2254 petition in this action before his time to file a petition for post-conviction relief with the state court expired that he had sufficient legal resources to file a timely state court petition for post-conviction relief raising the same claims he raises herein.

But instead, Petitioner filed this action without first filing a state court petition for post-conviction relief, and he does not explain this choice or set forth cause and prejudice to excuse his procedural default of his claims. And, in his petition, Petitioner does not allege actual innocence to excuse his procedural default of his claims, nor does he present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," as he must do to support such a claim. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Thus, Petitioner procedurally defaulted his claims and has not set forth sufficient grounds for the Court to excuse that default.

## III. CONCLUSION

As the record establishes that Petitioner procedurally defaulted his claims and has not set forth adequate grounds for the Court to excuse that default, the petition for § 2254 relief will be **DENIED** and this action will be **DISMISSED**.

---

³ Notably, while Petitioner alleges that he could not pay an attorney to file an appeal and/or other challenge to his conviction, Petitioner did not have a constitutional right to assistance of counsel in a post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the Court's finding that Petitioner procedurally defaulted his claims. Accordingly, a **COA SHALL NOT ISSUE.** Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge